**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                              **CASE NO: 6:19-cr-12-Orl-31GJK**

**JONATHAN CHARLES HIPPS**

**ORDER**

This matter comes before the Court on the Motion for New Trial (Doc. 68) filed by the Defendant and the response in opposition (Doc. 71) filed by the Government.

On January 16, 2019, the Defendant was indicted by the grand jury on one count of mail fraud in violation of 18 U.S.C. § 1341, one count of concealment of a material fact in violation of 18 U.S.C. § 1001(a)(1), and one count of false statement or representation in violation of 18 U.S.C. § 1001(a)(3). (Doc. 1). In simple terms, the Defendant was accused of defrauding the Government by supplying imported threaded rod to fulfill a NASA contract despite federal law requiring the provision of domestically produced materials. On August 29, 2019, after a two-day trial, a jury found the Defendant guilty as to all three counts.

On October 2, 2019, the Defendant filed the instant motion, seeking a new trial pursuant to Rule 33 of the Federal Rules of Procedure, which provides in pertinent part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Defendant asserts three bases for a new trial. He first argues that William Shores, one of the Government agents involved in his case, "presented false and misleading testimony to the grand jury in an effort to secure an indictment." (Doc. 68 at 1). Upon review, however, the Defendant has no objective evidence compelling a conclusion that false

or misleading testimony was presented to the grand jury, much less that the Government knowingly did so. Moreover, the Defendant cites no legal authority for the proposition that a new trial would be an appropriate remedy for such improper conduct. As the Government notes, a second trial would be based on the same (allegedly tainted) grand jury proceedings as the original.

The Defendant also argues that Shores withheld *Brady* material: two pages of handwritten notes prepared by another agent, Thomas Davita, during a November 2016 interview conducted by Davita and Shores at which the Defendant allegedly confessed. (Doc. 68 at 5). Davita's notes, which do not reference any such confession but do note that the Defendant denied seeing a particular document that revealed the foreign origin of the threaded rod, were not provided to the Defendant until the day before the trial. While the notes should have been turned over earlier, the failure to do so does not constitute a *Brady* violation unless they were material to issues at trial, *United States v. Severdija*, 790 F.2d 1556, 1558 (11th Cir. 1986). To be material, there must be a showing that, had they been disclosed (or, as in this case, disclosed earlier), there is a reasonable probability that the result of the trial would have been different. *Smith v. Cain*, 565 U.S. 73, 75 (2012). There has been no such showing here. Defense counsel received the notes in time to use them to cross-examine the agents who conducted the November 2016 interview, and there has been no suggestion that the Defendant suffered any prejudice as a result of the late disclosure, such that the result of the trial might have been different if the notes had been disclosed earlier.

Finally, as with the grand jury, the Defendant argues that the Government presented perjured testimony at the trial. Again, however, the Defendant has no objective evidence that the Government presented such testimony, much less that it did so knowingly.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for New Trial (Doc. 68) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2019.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE